IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY VINCENT DAVID,<br><br>          Plaintiff,<br><br>   v.<br><br>TYNEIA G MERRITT, ET AL.,<br><br>          Defendants.                                  / | No. C 12-00672 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

This is the fourth iteration of David Ashley-Vincent's complaint stemming from a foreclosure and unlawful detainer action in state court. He has sued both the clerk at the Contra Costa Superior Court and the attorney and law firm that brought the unlawful detainer action against him in state court, in a mostly unintelligible Complaint. Since the clerk has judicial immunity and Plaintiff completely fails to state a claim against the lawyer and firm, the Court GRANTS the motion to dismiss.

**I.      Factual Background**

Tyneia G. Merritt is a member of the California State Bar. Her professional law corporation, Merritt Law, Inc., was retained by GMAC Mortgage, LLC ("GMAC") to file a post-foreclosure unlawful detainer action against plaintiff David Ashley-Vincent pursuant to California Code of Civil Procedure § 1161a(b)(3). Ashley-Vincent did not answer GMAC's complaint in the unlawful detainer action, Contra Costa County Superior Court Case No.

PS11-0711. On June 2, 2011, the Superior Court entered default judgment for possession against Ashley-Vincent and issued a writ of possession. RJN Exs. A, B.[1]

On June 7, 2011, before the writ of possession was executed, Ashley-Vincent filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California, Case No. 11-46191. On June 22, 2011, Merritt filed and served a motion on behalf of GMAC for relief from the automatic stay which was granted on July 13, 2011. Ashley-Vincent's bankruptcy was dismissed on July 22, 2011 due to his failure to file a Chapter 13 plan. RJN Ex. C.

On June 14, 2011, Ashley-Vincent filed a civil action against Merritt and GMAC in the U.S. District Court for the Northern District of California, Case No. 11-2914, assigned to Judge Hamilton. On December 7, 2011, Judge Hamilton entered an order granting Merritt's motion to dismiss that action under Rule 12(b)(6), and to strike the complaint pursuant to California Code of Civil Procedure § 425.16 (anti-SLAPP statute). RJN Exs. D, E.

On August 19, 2011, while the motion to dismiss in Case No. 11-2914 was pending, Ashley-Vincent filed a second civil against Merritt and Superior Court Clerk Jackie Worden ("Worden"), also in the Northern District, Case No. 11-4090, assigned to Judge Armstrong. Merritt and Worden filed motions to dismiss under Rule 12(b)(6), set for hearing on February 7, 2012. Rather than opposing the motions to dismiss, David filed a request fo dismiss the second civil action without prejudice on January 26, 2012. RJN Exs. F, G.

On December 14, 2011, while the motions to dismiss the second civil action were pending, Ashley-Vincent filed a third civil action against GMAC in the Northern District, Case No. 11-6320, assigned to Judge Chen and then related to the first civil action and re-assigned to Judge Hamilton. On March 13, 2012, Judge Hamilton granted GMAC's motion to dismiss and entered judgment against Ashley-Vincent in the third civil action. RJN Ex. H.

On January 4, 2012, Ashley-Vincent filed a notice of appeal in the Ninth Circuit, Dkt. No. 12-15016, purporting to appeal Judge Hamilton's order granting Merritt's motion to

---

[1] The Court GRANTS the Request for Judicial Notice, as it consists of public records whose accuracy is not reasonably in dispute. Fed. R. Evid. 201(d).

1 dismiss in the first civil action. On February 16, 2012, the Ninth Circuit dismissed the appeal
2 because the order was not final or appealable. RJN Exs. I, J.
3       On February 10, 2012, Ashley-Vincent filed the instant fourth civil action against
4 Merritt and Worden. The Complaint is very similar to the complaint in the second civil
5 action, and is mostly unintelligible.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must provide the defendant with "fair notice" of the claims against it and the grounds for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim for relief that is plausible on its face. Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). A complaint should not be dismissed without leave to amend unless it is clear that the claims could not be saved by amendment. Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th Cir. 2007).

## III. DISCUSSION

### A. Merritt Motion to Dismiss

The Complaint does not contain any allegations against Merritt. While her name appears on the caption page, there do not appear to be any specific allegations against her or her law firm in the body of the rather unintelligible complaint. Thus, the Complaint fails to state a claim against Merritt, and the Court grants the motion to dismiss.[2]

---

[2] Merritt argues res judicata should also apply to bar the claims, but as the Ninth Circuit stated, the motion to dismiss in the first civil action was not a final decision on the merits. RJN Ex. I, J. Thus, res judicata does not apply.

3

### B. Worden Motion to Dismiss

Defendant Worden moves to dismiss the complaint because she states as a court employee she has judicial immunity. Judges have absolute immunity from suit stemming from actions taken in their official capacities. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004). Courts have extended this protection to court clerks and other non-judicial officers for purely administrative acts that when viewed in context are part of the judicial function. See In re Castillo, 297 F.3d 940, 952 (9th Cir. 2002); Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996).

Here, the only mentions that seem to related to Worden in the Complaint are that she failed to act as the "gate-keeper of the civil process" and failed to prevent the filing of certain "false claims in the docket." Compl. (dkt. 1) at 3. These allegations, to the extent they are discernable, arise from Worden's official court duties and are clearly part of the judicial function. Thus, judicial immunity applies, and the Court grants the motion to dismiss with prejudice.

### C. Vexatious Litigant

"District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation. Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." Weissman v. Quail Lodge, Inc., 179 f.3d 1194, 1197 (9th Cir. 1999) (citation omitted). The Ninth Circuit has adopted a five-factor test to guide the district courts in considering whether a plaintiff is a vexatious litigant: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits; (2) the litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts; and (5) whether other sanctions would be adequate to protect the courts and other parties." Molski v. Evergreen Dynasty Corp., 500 F3d 1047, 1051 (9th Cir. 2007).

4

1  Defendant Merritt argues Plaintiff should be declared a vexatious litigant and requests a strict
2  pre-filing order that requires the posting of a bond prior to filing further suits.

3  Defendant argues that with respect to the first factor, Plaintiff has filed a bankruptcy
4  proceeding and four civil actions relating to his eviction by GMAC, three that name Merritt
5  in the caption and summons.  The Plaintiff's complaints in the second civil action and the
6  instant fourth action are arguably duplicative and neither contains any allegations specifically
7  against Merritt.

8  Defendant argues that Plaintiff's motive is pure malice.  First, Defendant argues
9  Plaintiff knows his filings are frivolous.  Plaintiff arguably invited the dismissal of his
10 bankrupcty filing by failing to submit a Chapter 13 plan.  He filed his second civil action
11 while motion to dismiss his first civil action were still pending; then he voluntarily dismissed
12 his second civil action when faced with more motions to dismiss.  Defendant argues that the
13 second and fourth civil complaints are intentionally unintelligible, and that he has brought
14 Merritt into those actions despite pleading no allegations against her, and even after Judge
15 Hamilton's ruling that the California anti-SLAPP law bars any claims against Merritt based
16 on her representation of GMAC in the unlawful detainer action.

17 Defendant argues Plaintiff's pro se status is not determinative because his conduct
18 cannot be explained or excused by ignorance of substantive or procedural law.  Defendant
19 argues his behavior demonstrates he is intentionally harassing Merritt through legal process.

20 Finally, Defendant argues that it is unlikely that other sanctions would be adequate to
21 protect Merritt or the Court because seeking to obtain and collect money from the
22 unrepresented Plaintiff would likely only aggravate Defendant's distress and financial
23 burden, and increase the proceedings in this Court.  Thus, Defendant asks for a pre-filing
24 order that: (1) declares Plaintiff is a vexatious litigant; (2) requires that Plaintiff petition the
25 district court for leave before filing any more complaints against Merritt, and that any such
26 petition would be required to be accompanied by a copy of the pre-filing order and the
27 proposed complaint; (3) would condition leave to file on Plaintiff posting a bond in the
28 amount of $10,000 to be applied towards costs and attorneys fees to be incurred by Merritt

5

1 should the new lawsuit proceed and Merritt prevail; and (4) the Court would not, under any
2 circumstances, accept any future submissions for filing by Plaintiff in this action, including
3 any motion for reconsideration.

4       The first two factors favor a vexatious litigant order, as Plaintiff has now filed four
5 arguably duplicative suits.  While this is not the largest number, Plaintiff appears to be filing
6 suits that are purposefully unintelligible.  Since his first civil action is intelligible, it seems
7 likely that his others are purposefully unintelligible.  Moreover, with a decision on the merits
8 in the first suit, he cannot have a good faith expectation of prevailing in his subsequent
9 actions.  Finally, he has not bothered to actually assert any claims or allegations against
10 Merritt in the actions he has brought against her.  These serial suits appear to be causing
11 needless expense to other parties and put an unnecessary burden on the courts – this is
12 particularly so given the unintelligible nature of the complaints.  The Court hereby declares
13 that Plaintiff is a vexatious litigant.

14 **IV.  CONCLUSION**

15       For the forgoing reasons, the Court GRANTS Worden's motion to dismiss with
16 prejudice, and Merritt's motion to dismiss without prejudice.  The Court hereby declares that
17 Plaintiff is a vexatious litigant, and it is further ORDERED as follows: As a condition to
18 Plaintiff filing any new action against Merritt, Plaintiff must apply to the Court for, and
19 obtain from the Court, an order authorizing him to do so.  Plaintiff is required to attach a
20 copy of this Order and his proposed pleading to any such application.  The Court will grant
21 such application only if, upon review of the proposed pleading, the Court determines that it
22 complies with Federal Rule of Civil Procedure 8, that the factual allegations are colorable,
23 and that the allegations state a claims against Merritt.

24       **IT IS SO ORDERED.**

27 Dated: June 8, 2012       CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE